# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TAVARES, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HARRAH'S OPERATING COMPANY, INC., and DOES 1 through 10, inclusive<br><br>　　　　　Defendants. | CASE NO. 13-CV-325-H-KSC<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On February 19, 2013, Defendant Harrah's Operating Company, Inc. ("Harrah"), specially appearing in this action,[1] filed a motion to dismiss Plaintiff's employment discrimination suit, arguing that this Court lacks subject matter jurisdiction because Plaintiff's true employer was Harrah's Rincon Casino & Resort ("Rincon Casino") that is owned and operated by the Rincon San Luiseno Band of Mission Indians ("Rincon Band"). (Doc. No. 4-1.) On March 11, 2013, Michelle B. Baker filed a motion to withdraw as counsel of record for Plaintiff Scott Tavares and a motion to continue the hearing on Defendant's motion to dismiss. (Doc. Nos. 5, 6.) On March 13, 2013, the Court granted the motion to withdraw on the condition that Ms. Baker submit Plaintiff's most recent contact information, which she did that same day. (Doc. No. 8.) In

---

[1] The Court grants Harrah permission to make a special appearance in this action. CivLR 83.3.g.

- 1 -

addition, the Court denied the motion to continue, submitted the motion to dismiss on the papers, and extended the deadline to March 25, 2013, for Plaintiff to file an opposition to the motion to dismiss either in pro se or through new counsel. (Id.) To date, Plaintiff has not filed an opposition.

## **Background**

As alleged in the complaint, Plaintiff was employed by Harrah as a lead surveillance officer from June 2002 to October 2012. (Doc. No. 1-1 ("Compl.") ¶6.) In December of 2011, Plaintiff began suffering from severe hypertension requiring approximately three hundred and four hours of physician approved leave. (Id. ¶7.) Because of Plaintiff's need for days off from work to accommodate his disability, Harrah's human resources department informed Plaintiff that he must apply for "intermittent leave" under California labor laws. (Id. ¶8.) Harrah approved Plaintiff's application, but shortly thereafter Harrah informed Plaintiff that he was being terminated. (Id. ¶9.)

After unsuccessfully pursuing his administrative remedies with the California Department of Fair Employment and Housing ("DFEH"), Plaintiff was provided with a right-to-sue letter from DFEH on December 18, 2012. (Id. ¶12, Ex. A.) Plaintiff then filed suit in California Superior Court alleging California state law claims of disability discrimination, wrongful termination, failure to reasonably accommodate, and retaliation. (Id.)

On February 11, 2013, Harrah removed the action to this Court under 28 U.S.C. § 1441(a) asserting that Plaintiff's claims are preempted by the Indian Gaming Regulatory Act, 25 U.S.C. § 2701, and that the real party in interest is a federally recognized Indian Tribe that is a domestic sovereign nation under Article I, Section 8 of the United States Constitution. (Doc. No. 1.) Harrah filed a motion to dismiss Plaintiff's complaint on February 19, 2013, pursuant to Rules 12(b)(1), (2), (6), (7), and 19 of the Federal Rules of Civil Procedure. (Doc. No. 4-1.)

///

## Discussion

"Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories." Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 498 U.S. 505, 509 (1991) (quoting Cherokee Nation v. Georgia, 30 U.S. 1, 17 (1831)). The doctrine of tribal sovereign immunity provides that Indian Nations are exempt from suit "absent a clear waiver by the tribe or congressional abrogation." Potawatomi, 498 U.S. at 509; see also U.S. v. U.S. Fidelity & Guar. Co., 309 U.S. 506, 512 (1940). Indian tribes enjoy sovereign immunity over their business activities conducted in their territories. Potawatomi, 498 U.S. at 510 (holding that the Potawatomi tribe was immune from the assessment of state sales taxes on the tribe's sales to Indians); see also Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 760 (1998) (holding that the Kiowa tribe was immune from suit over the tribe's default on its promissory note).

Further, "[w]hen the tribe establishes an entity to conduct certain activities, the entity is immune if it functions as an arm of the tribe." Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006). Allen involved a wrongful discharge and retaliation suit brought by a surveillance officers against his employer, a casino wholly owned and operated by the Tyme Maidu Tribe. Id. at 1048. In affirming the district court's dismissal of the action on tribal sovereign immunity grounds, the court concluded that the casino enjoyed sovereign immunity because it was created consistent with the purposes of the Indian Gaming Regulation Act, 25 U.S.C. § 2702, as it to "enable[d] the Tribe to develop self-sufficiency, promote tribal economic development, and generate jobs and revenues to support the Tribe's government and governmental services and programs." Id. at 1047-48.

After reviewing the complaint and the motion to dismiss, the Court concludes that Allen directly applies to this case and requires dismissal for lack of subject matter jurisdiction. Id. Like in Allen, Plaintiff's employer was a casino owned and operated by a sovereign Indian tribe, the Rincon Band. (Doc. No. 4-1 at p. 2.) Further, the

1  Rincon Band lawfully created the casino under the Indian Gaming Regulation Act to
2  "enable the Tribe to develop self-sufficiency, promote tribal economic development,
3  and generate jobs and revenues to support the Tribe's government and governmental
4  services and programs."  (Id.)  Thus, the Rincon Casino enjoys sovereign immunity
5  over Plaintiff's employment discrimination claims because it functions as an arm of a
6  sovereign Indian tribe.  Allen, 464 F.3d at 1046.  Plaintiff has not argued that the
7  Rincon Band waived sovereign immunity or that Congress has abrogated it in this
8  instance.  As such, this Court lacks subject matter jurisdiction over Plaintiff's claims.
9  See Potawatomi, 498 U.S. at 509.[2]

## Conclusion

Because Plaintiff sued an entity functioning as an arm of a sovereign Indian tribe, this Court lacks subject matter jurisdiction over Plaintiff's claims.  Accordingly, the Court dismisses Plaintiff's complaint.

**IT IS SO ORDERED**.

DATED: April 29, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2]Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims, the Court declines to address Harrah's alternate grounds for dismissing this case. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

- 4 -